## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SAMMIE J. WARREN, | |
| Plaintiff, | |
| v. | Civil Action No.:  PX-24-2101 |
| WILLIAM BAILEY, *et al.*, | |
| Defendants. | |

### MEMORANDUM OPINION

Sammie J. Warren, an inmate at Eastern Correctional Institution, filed suit under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional right to be free from inmate violence and denied him constitutionally adequate medical care.  Defendants Warden William Bailey and Officer T. PettyJohn ("State Defendants") move to dismiss the Complaint (ECF No. 26), while Defendants Ruth Campbell, Stephanie Cyran, and Bethany Roderer ("Medical Defendants"), separately move for dismissal or for summary judgment to be granted in their favor.  ECF No. 30. Warren timely opposed the State Defendants' Motion, ECF No. 28, but after receiving two extensions of time to respond to the Medical Defendants' Motion, he has never done so.  The Court finds no hearing necessary.  *See* Loc. R. 105.6 (D. Md. 2025).  For the reasons discussed below, the State Defendants' Motion will be granted, and the Medical Defendants' Motion will be denied.

### I.    Background

On January 5, 2024, a fellow inmate attacked Warren, fracturing his eye socket and jaw, loosening his teeth, and cutting up his face.  ECF No. 1 at 4.  Officer PettyJohn, who had been present during the attack, did not come to Warren's aid, although the Complaint offers no detail as to what PettyJohn did or did not do.  *Id.*

In the immediate aftermath of the attack, Warren had been sent to the infirmary and the hospital. But according to the Complaint, he was denied necessary surgery. ECF No. 1 at 5. As a result, Warren's injuries have caused him unnecessary "excruciating pain" which he feels "every day." *Id.* at 5. From this, Warren accuses Defendants of violating his Eighth Amendment right to be free from cruel and unusual punishment.

## II.    Standard of Review

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the well-pleaded allegations as true and in a light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *E.E.O.C. v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

Although pro se pleadings are construed generously to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The special judicial solicitude with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.") (internal citation omitted). "A court considering a motion to dismiss can choose to begin by

identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

 The State and Medical Defendants seek dismissal of the Complaint for lack of sufficiency. The Medical Defendants alternatively ask the Court to consider Warren's medical records and convert the motion into one for summary judgment.  Rule 12(d) provides that when "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  *See Kensington Vol. Fire Dep't, Inc. v. Montgomery Cnty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011), *aff'd*, 684 F.3d 462 (4th Cir. 2012).  The Court has "'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'"  *Wells-Bey v. Kopp*, No. ELH-12-2319, 2013 WL 1700927, at *5 (D. Md. Apr. 16, 2013) (quoting 5C Wright & Miller, *Federal Practice & Procedure* § 1366, at 159 (3d ed. 2004, 2012 Supp.)).

 Warren was placed on notice that the Medical Defendants sought summary judgment and has failed to file any responses in opposition.  *See* ECF No. 31.  Accordingly, the Court may treat the Medical Defendants' motion as one for summary judgment.  *See, e.g., Moret v. Harvey*, 381 F. Supp. 2d 458, 464 (D. Md. 2005).  But even so, under Rule 56(a), the Court should exercise caution before granting summary judgment in advance of formal discovery.  *See, e.g., Farabee v. Gardella*, 131 F.4th 185, 196 (4th Cir. 2025).  Certainly, the Court cannot grant summary judgment if the evidence, viewed most favorably to the plaintiff, generates a genuine issue of material fact on the claim.  *See Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002).

### III.     Analysis

The Medical Defendants' motion is a study in how *not* to seek summary judgment in advance of formal discovery.  They simply attach 280 pages of Warren's medical records without any affidavit, declaration, or accompanying attestation confirming that the records constitute the complete medical file relevant to Warren's course of care.  ECF No. 30-3 & ECF No. 30.  Nor do the Medical Defendants offer any other certificate of authenticity or similar indicia that the records are what they purport to be.[1]  Accordingly, the Court will not accept that the records necessarily reflect the universe of relevant and admissible evidence.

Even worse, the Medical Defendants advance conclusory and self-serving positions that are belied by the medical records themselves.  The records confirm that Warren's injuries from the January 2024 attack were undoubtedly serious – to include a fractured eye socket, broken jaw, and loose and missing teeth – which *did* require timely surgery.  ECF No. 30-3 at 225.  But no such surgery took place.  By March, the jaw fracture apparently healed improperly (described as "malunion dental alveolar fracture"), *id.*, and Warren was in constant pain.  *Id.*  By May, Warren was referred for evaluation at the University of Maryland School of Dentistry and then two months later to the Johns Hopkins Dental clinic.  *Id.* at 233.  By the end of June, he had yet to see a specialist and was complaining of pain and pus in this mouth.  *Id.* at 243.  Warren was also at risk of losing the teeth that previously had been deemed salvageable with timely care.  *Id.*  As of August 2024 – eight months after the assault – Warren still had not received a medically reasonable course of care despite the persistently "urgent" nature of his condition.  *Id.* at 244.   And three months after that, Warren appears to still be in the "consultation" phase of developing a plan of care with

---

[1] Although the 2010 amendment to Rule 56 eliminated the strict authenticity requirement for summary judgment records, *see Jones v. W. Tidewater Reg'l Jail*, 187 F. Supp. 3d 648, 654 (E.D. Va. 2016), the Court has no way of knowing that the records here are complete or accurate.  Without more, the Court will not assume that all information included in the records can be made admissible at trial, especially where the nonmovant is a pro se inmate.

outside providers. *See id.* at 41 ("consultation" plan "completed by" Defendant Cyran in November 2024, describing three upcoming appointments to develop a plan of care with the "consult indicated as urgent."). This persistent lack of timely treatment, when viewed most favorably to Warren, supports, rather than undermines, his constitutional claim.

As for the Medical Defendants' involvement, they were hardly on the sidelines. Defendant Campbell is identified as a treating and referring provider on the day of the attack and in the many months to follow. *E.g.*, ECF No. 30-3 at 7, 49, 57, 69, 106-07, 116, 120, 214-19, 222-23, 236. The same can be said for Defendant Cyran. *See id.* at 7, 17, 24, 34-40, 49, 78-83, 97-100, 102-03, 108, 110, 112, 223, 225-26, 228, 230-31, 236. Although Defendant Roderer does not appear as involved, *see id.* at 55, 119 and 236, the Court will not unilaterally foreclose suit, especially considering that the motion so plainly undersells the severity of Warren's injury and the lengthy wait he has endured to receive any meaningful care. *E.g.*, ECF No. 30-1 at 3 (characterizing the relevant "facts" as isolated to his care solely for the month of January 2024). *Compare* ECF No. 30-1 at 13 (mischaracterizing record as reflecting that Warren did not need surgery "at the time" of his injury) *with* ECF No. 30-3 at 236 (surgery recommended twenty days after injury, on January 25, 2024). Accordingly, the Medical Defendants' motion for summary judgment is denied.

Warren also twice previously requested court-appointed counsel, which this Court had denied without prejudice. ECF Nos. 17, 21, 29. Given the complexity of Warren's constitutional medical claims, the Court now grants his request. Counsel will be appointed to assist Warren in amending the pleadings, if necessary, to identify other potentially responsible Defendants and claims, and to proceed with formal discovery.

The State Defendants separately move to dismiss the Complaint for failure to state a claim. ECF No. 26. As to Defendant Warden Bailey, the Complaint does not identify any acts or

omissions that would make him liable for any Eighth Amendment claim.  Thus, the Warden Bailey is dismissed from suit.

As to Officer PettyJohn, the Complaint merely avers that he had been present during the attack and had "failed to help" Warren.  ECF No. 1 at 4; ECF No. 12; ECF No. 13.  This allegation, too, is insufficient.  To plausibly aver an Eighth Amendment claim for failure to protect an inmate, the complaint must include some facts to show that the defendant officer acted with deliberate indifference to a specific known risk of harm.  *See Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987).  Although corrections officers are entrusted with taking "reasonable measures to guarantee the safety of the inmates," *Raynor v. Pugh*, 817 F.3d 123, 127 (4th Cir. 2016) (citing *Farmer*, 511 U.S. at 832), "not every injury suffered by a prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety." *Makdessi v. Fields*, 789 F.3d 126, 133 (4th Cir. 2015).  Rather, the claim survives only if the defendant-officer's acts or omissions which jeopardized the inmate were done with "a sufficiently culpable state of mind" amounting to "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834.  This means that to survive challenge, some complaint facts must show that the officer knew or should have known of the excessive risk of serious harm to the inmate was the by-product of the officer's acts or omissions.  *Id*. at 837.

When viewing the Complaint most favorably to Warren, nothing makes plausible that PettyJohn knew of the impending assault, or that he acted in a manner which amounts to deliberate indifference to Warren's health or safety.  At best, the Court can only infer that PettyJohn had been present during the assault.  But no *facts* support the naked legal conclusion that PettyJohn knowingly or with reckless disregard "failed to protect" Warren.  *See also* ECF No. 28 at 2 (Warren

arguing that PettyJohn's liability stems from his failure to "step in" to "defuse" the altercation). The allegation thus fails as a matter of law.  The Court dismisses PettyJohn from suit.

## IV.    Conclusion

For the foregoing reasons, the Court will grant the State Defendants' Motion to Dismiss (ECF No. 26) and dismiss the claims without prejudice.  The Court will deny the Medical Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 30).  Last, the Court will appoint counsel to represent Warren going forward.  A separate Order follows.

1/6/26
_____
Date

_____
/S/
PAULA XINIS
United States District Judge